

**Entered on Docket
November 15, 2010**

_____
 **Hon. Michael S. McManus**
 **United States Bankruptcy Judge**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | Case No.: BKN10-53497 |
| ESPOSITO, CATHERINE E. and SANCHEZ, DAVID | Chapter: 13 |
| | Hearing Date: Nov. 5, 2010<br>Hearing Time: 2:00<br>Time for Hearing: 5 minutes |
| Debtor(s) / | |

### ORDER TO VALUE COLLATERAL

THIS MATTER having come before the Court for a hearing on November 5, 2010, on Debtor's Motion to Value Collateral, with no opposition being filed, and based upon the papers and pleadings on file herein, and good cause appearing; the Court finds as follows:

1. The Debtor's principal residence located at 5861 Royal Vista Ct, Reno, Nevada 89523, is valued at $ 167,500.00 as of the date of Debtor's Chapter 13 Petition.

2. The Subject Property is collateral for a senior secured claim of WELLS FARGO HOME MORTGAGE. ("Senior Lienholder"). Senior Lienholder has filed a Proof of Claim # 9 related to such claim, and such Proof of Claim claims a debt of $ 255,903.94. Senior Lienholder's Proof of Claim indicates that Senior Lienholder has assigned reference # xxxxx9311 to this claim.

3. The Subject Property is also collateral for a junior secured claim of CAPITAL ONE HOME LOANS, INC. assigned to CITIMORTGAGE, ( "Junior Lienholder"). Junior Lienholder has filed a Proof of Claim # 5 related to such claim, and such Proof of Claim claims a debt of $ 29,052.10. Junior Lienholder's Proof of Claim

        indicates that Junior Lienholder has assigned account # 9970 to this claim.

4.     Given the above, Junior Lienholder's interest in the Debtor's interest in the Subject Property has no value.

THEREFORE, IT IS HEREBY ORDERED THAT, pursuant to Zimmer v. PSB Lending Corp. ( *In re Zimmer*), 313 F.3d 1220 ( 9th Cir. 2002), and U.S.C. §§ 506(a) and 506(d), Junior Lienholder's claim is unsecured, and shall be treated as unsecured for all purposes in this case, including the manner in which such claims is treated and paid in Debtor's Chapter 13 plan; and

IT IS FURTHER ORDERED THAT, should Debtor receive a discharge in this case, Junior Lienholder shall as soon as practicable therefore take all necessary and appropriate steps to remove its lien of record, and to ensure that Debtor's title to the Subject Property is clear of any cloud on title related to Junior Lienholder's claim. This court hereby reserves jurisdiction with respect to any dispute over the actions necessary to comply with this paragraph; and

IT IS FURTHER ORDERED THAT, should this case be converted to one under another chapter, 11 U.S.C. § 348(F) shall govern the continued validity of this order; and

IT IS FURTHER ORDERED THAT, should this case be dismissed, 11 U.S.C. § 349(B)(1)-(3) shall govern the continued validity of this order; and

IT IS FURTHER ORDERED THAT nothing in this order shall be deemed to be an allowance or disallowance of any claim of Senior Lienholder or Junior Lienholder, and any party in interest, including the Debtor or the Trustee, may hereafter object to either claim on any ground recognized by the Bankruptcy Code.

IT IS SO ORDERED.

# # #